RAÚL R. LABRADOR
ATTORNEY GENERAL
STATE OF IDAHO

Tyler D. Williams          [ISB No. 8512]
SPECIAL DEPUTY ATTORNEY GENERAL
Erik S. Guerra          [ISB No. 11983]
NELSON | WILLIAMS
Attorneys at Law
999 W. Main Street, Ste. 500
Boise, ID 83702
Telephone No. (208) 383-9511
Facsimile No. (208) 383-9516
Email: tyler@nelsonwilliamslaw.com; esg@nelsonwilliamslaw.com

Attorneys for Defendant Humayun Mohammad

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON N. LONG,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER HUMAYUN MOHAMMAD; OFFICER ERIN KOLB; OFFICER KORY HOWARD; LIEUTENANT ROBERT HOWARD; RYAN GAMBLE; CAPTAIN BRIAN CROWL; WARDEN RANDY VALLEY; DEPUTY WARDEN COLIN YOUNG; IDAHO STATE POLICE; SGT. SEAN SLAY; OFFICER ENGLESON; ERICA WEEKLEY; UNIDENTIFIED RESPONSE TEAM OFFICERS; and UNIDENTIFIED ISCC SHIFT COMMANDER,<br><br>Defendants. | Case No: 1:25-cv-00375-DKG<br><br>**DEFENDANT HUMAYUN MOHAMMAD'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendant Humayun Mohammad, by and through his attorneys of record, NELSON | WILLIAMS, answers Plaintiff Jason Long's Complaint (Dkt. 3) as follows:

**DEFENDANT HUMAYUN MOHAMMAD'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

1. Defendant denies each and every allegation contained in Plaintiff's Complaint not herein specifically and expressly admitted. Defendant reserves the right to amend this and any other answer or denial stated herein, once he has had an opportunity to complete discovery regarding the allegations contained in Plaintiff's Complaint.

2. Answering paragraph entitled "JURISDICTION," Defendant admits that this court has jurisdiction to hear properly plead cases brought pursuant to 42 U.S.C. § 1983 but denies that any such claims are properly pled.

3. Answering paragraph entitled "PLAINTIFF," Defendant admits on information and belief.

4. Answering paragraphs 1-2, under the heading "DEFENDANT(S) AND CAUSE(S) OF ACTION," Defendant admits only that Plaintiff so alleges and admits that Defendant was previously employed by IDOC as a correctional officer, but Defendant otherwise denies the remainder of the allegations.

5. Answering paragraphs 3-41, Defendant admits only that Plaintiff so alleges but otherwise denies the remainder of the allegations.

6. Paragraph 42 appears to contain a reservation of rights regarding amending Plaintiff's complaint. To the extent a response is required, Defendant denies.

7. Answering paragraphs 43-44, which contain legal conclusions and references to case law, to the extent any response is necessary Defendant Denies.

8. Answering paragraph 45, Defendant denies.

9. Answering paragraph 46, Defendant admits only that Plaintiff so alleges.

10. Answering paragraph 47, Defendant denies for lack of information, knowledge, or belief.

**DEFENDANT HUMAYUN MOHAMMAD'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL - 2**

11. Answering the paragraph entitled "PREVIOUS OR PENDING LAWSUITS," Defendant denies for lack of information, knowledge, or belief.

12. Answering the paragraph entitled "REQUEST FOR APPOINTMENT OF ATTORNEY," Defendant admits that Plaintiff requested an attorney to represent him but denies the remaining allegations for lack of information, knowledge, or belief.

## DEFENSES

Defendant has not yet been able to engage in sufficient discovery to learn all of the facts and circumstances relating to the matters described in the plaintiff's complaint and therefore reserves the right to request the Court for leave to amend this answer and assert additional defenses or abandon defenses once discovery has been completed.

1. **Failure to State a Claim for Relief.** Plaintiff is barred from relief because the Complaint and each of the purported causes of action set forth therein fails to allege facts sufficient to state a plausible claim for relief against Defendant.

2. **Statute of Limitations.** To the extent any of Plaintiff's claims are based on facts or occurrences that occurred more than two years prior to the date of the Complaint they are barred as untimely.

3. **Failure to Exhaust Administrative Remedies.** To the extent Plaintiff has not exhausted all of his administrative remedies under the PLRA and IDOC's grievance and appeal process with respect to all of his claims such claims are barred.

4. **Qualified Immunity**. Defendant is entitled to qualified immunity in his individual capacities because he did not violate Plaintiff's clearly established rights.

5. **Lack of Evidence**. There is insufficient evidence showing that Plaintiff meets the elements of a claim against Defendant under 42 U.S.C. § 1983, the Eighth Amendment, PREA, or

any other federal or state law.

6.  **Respondeat Superior**. Defendant cannot be liable under 42 U.S.C. § 1983 under a theory of *respondeat superior.*

7.  **Damages.** Plaintiff has not suffered any actual damages or nominal damages, or both, any alleged damages are not attributable to Defendant, and Plaintiff has otherwise failed to act reasonably to mitigate his alleged damages.

8.  **Lack of Bond.** Plaintiff failed to comply with Idaho's bond requirement, Idaho Code § 6-610.

9.  **ITCA**. To the extent the complaint asserts or intends to assert any state claims under the Idaho Tort Claims Act, such claims are barred by Plaintiff's failure to serve correct notice thereunder, the individual Defendants are immune, and any recovery thereunder is limited by the statute.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.  That the Complaint be dismissed with prejudice and that the Plaintiff take nothing thereunder.

2.  That Defendant be awarded his costs, including reasonable attorneys' fees pursuant to applicable law and rules of civil procedure.

3.  That judgment be entered in favor of Defendant on all claims for relief.

4.  For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 1st day of December 2025.

                                        NELSON | WILLIAMS
                                        */s/ Tyler D. Williams*
                                        TYLER D. WILLIAMS, Of the Firm
                                        Attorneys for Defendant Humayun Mohammad

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of December, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that a true and correct copy of the foregoing was sent to the following CM/ECF non-participant as follows:

Jason N. Long
#121296
Idaho Department of Corrections
P.O. Box 51
Boise, ID 83707

                                    */s/ Tyler D. Williams*
                                    TYLER D. WILLIAMS