RAÚL LABRADOR
ATTORNEY GENERAL

Craig D. Stacey (ISBN 7996)
Special Deputy Attorney General
MOORE ELIA KRAFT & STACEY, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031
craig@melawfirm.net

*Attorneys for Defendants Kory Howard, Erin Kolb, & Ryan Gamble*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| JASON LONG,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MOHAMMAD, et al.,<br><br>　　　　Defendants. | Case No. 1:25-cv-00375DKG<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT RE: FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES** |

COME NOW Defendants Kory Howard, Erin Kolb, and Ryan Gamble, by and through their counsel of record, Moore Elia Kraft & Stacey, LLP, and hereby submit this Memorandum in Support of their Motion for Summary Judgment as follows:

### INTRODUCTION

Plaintiff, Jason N. Long, is an inmate with the Idaho Department of Correction ("IDOC") who brought a lawsuit with various allegations against several individuals. The Court only allowed a few of these claims to proceed in its Initial Review. (Dkt. 7, p. 22). The claims that were allowed center on allegations that Plaintiff was sexually abused, that various IDOC staff used excess force against him, and that staff also violated other numerous constitutional rights. These claims all stem

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT RE: FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES - 1**

from events that allegedly occurred on May 12, 2024 through May 23, 2024.

Specifically, Plaintiff alleges that on May 12, 2024, Defendant Ryan Gamble, under the pretense of investigating his allegation of a sexual assault by a correctional officer, threatened him into silence stating he would move him to a higher security level, house him with known enemies, and refused to allow him to file a criminal complaint. (Dkt. 3, p. 2).

Plaintiff further alleges that on May 23, 2024, he was speaking with Defendant Erin Kolb, control officer at the time, about his PREA complaint against Defendant Humayun Mohammad. (*Id*., p. 2). Plaintiff alleges that when he was bent over the port speaking with Defendant Kolb, Mohammad came up behind him and fondled his genitals. Plaintiff alleges Defendant Kolb witnessed the harassment and refused to intervene. (*Id*., p. 3).

Plaintiff further alleges that as this incident progressed, Defendant Mohammad "us[ed] illegal force" against him and Defendant Howard "deployed" his "OC vitriol" at plaintiff, as well as potentially battered him. (*Id*., pp. 3-4). Plaintiff alleges Defendant Kolb witnessed this excessive use of force and failed to intervene. (*Id*., p.

The last allegation in this series of events is that Plaintiff claims after the use of force against him on May 23, he was placed in a cell by unknown officers and was forced to wash the OC out of his eyes and face with a toilet containing feces. (*Id*., p5).

Defendants Howard, Kolb, and Gamble each deny the alleged constitutional violations occurred and there is no evidentiary support for the allegations. Regardless, 42 U.S.C. § 1997e(a) requires all inmates to exhaust their administrative remedies prior to filing a federal lawsuit. Plaintiff failed to do so, and this lawsuit must be dismissed accordingly.

## SUMMARY JUDGMENT STANDARD

"The court must grant summary judgment if the movant shows that there is no genuine

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT RE:
FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES - 2**

dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Farm Bureau Mut. Ins. Co. of Idaho v. Cook*, 163 Idaho 455, 458, 414 P.3d 1194, 1197 (2018) (citing I.R.C.P. 56(a)). When a motion for summary judgment has been supported by evidence, the adverse party "may not rest upon mere allegations in the pleadings but must set forth by affidavit specific facts showing there is a genuine issue for trial." *Gem State Ins. Co. v. Hutchison*, 145 Idaho 10, 13, 175 P.3d 172, 175 (2007); I.R.C.P. 56(e). "Summary judgment is appropriate where the nonmoving party bearing the burden of proof fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Farm Bureau*, 163 Idaho at 458, 414 P.3d at 1197 (citation omitted); *see also Barab v. Plumleigh*, 123 Idaho 890, 892–93, 853 P.2d 635, 637–38 (Ct. App. 1993) (explaining that the "failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial." (citation omitted)).

Once the moving party challenges an element of the nonmovant's case, the burden shifts to the nonmoving party to come forward with sufficient evidence to create a genuine issue of fact. *Tingley v. Harrison*, 125 Idaho 86, 90, 867 P.2d 960, 964 (1994). A mere scintilla of evidence or only a slight doubt as to the facts is not sufficient to withstand summary judgment; there must be sufficient evidence upon which a jury could reasonably return a verdict for the party opposing summary judgment. *Corbridge v. Clark Equip. Co.*, 112 Idaho 85, 87, 730 P.2d 1005, 1007 (1986).

## ARGUMENT

### 1. Exhaustion is a Mandatory Pre-Requisite to Filing a Lawsuit.

Plaintiff is required to exhaust his administrative remedies, which in this case, means filing Grievance forms against each defendant for the claims he brings to federal court.[1] As stated above, plaintiff has brought claims against Defendants Howard, Kolb, and Gamble relating to incidents

---

[1] Idaho also requires exhaustion of administrative remedies for state claims. See Idaho Code Ann. § 19-4206.

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT RE:
FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES - 3**

from May 12, 2024, and May 23, 2024. Plaintiff had 30 days to file a Grievance for any alleged issue related to the conditions of his confinement. However, plaintiff failed file any Grievance forms naming these individuals regarding these incidents. (See Decl. Howard, Exhibit C; Decl. Crockett, Exhibit A).[2] Therefore, plaintiff failed to exhaust his administrative remedies.

The Prison Litigation Reform Act of 1995 ("PLRA") requires prisoners to exhaust all available prison administrative remedies before they can bring their claims in a new or ongoing civil rights lawsuit challenging the conditions of their confinement. *Williams v. McKay*, No. 1:20-CV-00008-REP, 2023 WL 2744097, at *6 (D. Idaho Mar. 31, 2023) (internal citations omitted).[3] "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). This means that a prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Marella v. Terhune,* 568 F.3d 1024, 1027 (9th Cir.2009) (quoting *Ngo,* 548 U.S. at 88, 126 S.Ct. 2378). Proper exhaustion is required "even where it may appear futile." *Nunez v. Duncan*, 591 F.3d 1217, 1231 (9th Cir. 2010).

A plaintiff's failure to exhaust his administrative remedies forecloses both federal and state cause of actions. *Carr v. Carlyn*, 2017 WL 1042064, at 2 (D. Idaho Mar. 17, 2017). The federal Prison Litigation Reform Act (PLRA) requires pre-complaint exhaustion of administrative

---

[2] Declarations of Leilani Howard and Brittany Crockett.

[3] This includes excessive force claims. See *Smith v. Knowlton*, No. 24-3208, 2025 WL 2860604, at *1 (9th Cir. Oct. 9, 2025); *Harvey v. Jordan*, 605 F.3d 681, 684 (9th Cir. 2010). Proper exhaustion is also required for sexual abuse claims. See *Hunter v. Thompson*, 631 F. App'x 488, 489 (9th Cir. 2016) ("The district court properly dismissed as to defendants Thompson and Burnette because, although Hunter made complaints of harassment through [PREA] procedures, Hunter did not properly exhaust through the Offender Grievance Program, and did not show that administrative remedies were effectively unavailable to him"); *Porter v. Howard*, 531 F. App'x 792, 793 (9th Cir. 2013) (Compliance with PREA does not excuse the requirement of administrative exhaustion.)

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT RE:
FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES - 4**

remedies for all federal claims brought by state prisoners who challenge the conditions of their confinement:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

It is well settled that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court. *Jones v. Bock*, 549 U.S. 199, 211 (2007). This requirement is intended to give "prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Id*. at 204. The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Under the PLRA, proper exhaustion is required, meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006) (emphasis added). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218.

a. **IDOC's Grievance Procedures**

IDOC's grievance policy is set forth in IDOC Policy 316 ("Policy 316") and Division of Prisons Standard Operating Procedure 316.02.01.001 ("SOP 316"). (Decl. Howard, Exhibits A & B). The purpose of the Grievance Procedures for Offenders is to provide offenders a process to

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT RE: FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES - 5**

"voice complaints about policies…conditions of confinement… employee actions…medical, and other incidents occurring within the jurisdiction of the Department." (Decl. Howard, Exhibit B, p. 1). The procedure is the vehicle for offenders to "voice concerns" and helps "IDOC staff increase adherence to policy and procedure, and aids in the discovery of unworkable, impractical, or inconsistent practices." (*Id*., p. 3)

The IDOC grievance procedure consists of a three-step process. (Decl. Howard, ¶ 5). That process requires the offender to: (1) seek an informal resolution of the matter by completing an Offender Concern Form sent to the Correctional Officer most capable of responding to and resolving the issue; (2) if informal resolution cannot be accomplished, complete a Grievance Form containing specific information including the nature of the complaint, date, place, and names of the specific issue being grieved (the offender must suggest a solution to the issue and can only raise one specific issue per grievance); and (3) file an appeal of the response to the grievance. (Decl. Howard, ¶¶ 5-8). The Grievance Form is required to be filed within thirty (30) days of the incident or problem that is the basis for the grievance. (*Id.,* ¶ 7). If the offender is not satisfied with the response to his grievance, he may, within five (5) days of receiving the response, file an appeal. (*Id.*, ¶ 9).

The offender grievance process is exhausted only upon completion of all three steps, i.e., (1) Offender Concern Form, (2) Grievance Form, and (3) Grievance Appeal. (Decl. Howard, ¶ 11). An offender who does not file a Grievance Form, files a grievance outside the time limit, or fails to appeal the response to such grievance, did not complete the IDOC grievance process and thus has not exhausted his or her administrative remedies. (*Id.*)

Plaintiff alleges that on May 12, 2024, Defendant Gamble threatened him and refused to allow him to file a criminal complaint. (Dkt. 3, p. 2). In order to exhaust his administrative

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT RE:
FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES - 6**

remedies on this issue against Defendant Gamble, plaintiff would have had to file a Grievance naming Gamble and setting forth specific information regarding his allegations prior to June 11, 2024. Plaintiff failed to file <u>any</u> Concern or Grievance form detailing this alleged interaction. (See Howard and Crockett Declarations).

Plaintiff further alleges that on May 23, 2024, he was sexually assaulted by Defendant Mohammad and Defendant Kolb failed to stop the assault. Then, Defendant Mohammad "us[ed] illegal force" against him and Defendant Howard stepped in and also used excessive use of force against him. (Dkt. 3, pp. 3-4). In order to exhaust his administrative remedies in regard to this alleged incident, plaintiff would have had to file a Grievance naming Kolb, Mohammad, and Howard and included the specific information regarding his allegations prior to June 22, 2024. Plaintiff failed to file <u>any</u> Concern or Grievance form detailing this alleged interaction. (See Howard and Crockett Declarations).

Lastly, Plaintiff alleges that on May 23 he was placed in a cell by unknown officers and was forced to wash the OC out of his eyes and face with a toilet containing feces. (*Id.*, p5). Consistently, there were no Grievances regarding this allegation.

Plaintiff Long failed to follow IDOC's Grievance Procedures for the allegations set forth in his Complaint and has therefore failed to exhaust his administrative remedies. This lawsuit must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion for summary judgment and dismiss Plaintiff's claims against them with prejudice.

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT RE:
FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES - 7**

Respectfully submitted this 8th day of January, 2026.

                                    MOORE, ELIA, KRAFT & STACEY, LLP

                                    */s/ Craig Stacey*
                                    Craig Stacey
                                    *Attorneys for Defendants Kory Howard,*
                                    *Erin Kolb, & Ryan Gamble*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 8th day of January, 2026, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Jason Long #121296<br>IDOC, IMSI, B Block #2<br>P.O. Box 51<br>Boise, ID 83707<br><br>*Pro Se* | ☒ U.S. Mail, postage prepaid<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Facsimile Transmission<br>☐ E-Mail: |

                                    */s/ Jessica Steiger*
                                    Jessica Steiger