Jason N. Long 121296
ISCI ?
P.O. Box 51
Boise, ID 83707

Case 1:25-cv-00375-DKG   Document 23   Filed 01/26/26   Page 1 of 12

U.S. COURTS
JAN 26 2026
Rcvd____ Filed____ Time____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON N. LONG,<br>Plaintiff,<br><br>Vs.<br><br>MOHAMMAD, et al.,<br>Defendants | CASE NO. 1:25-cv-00375 DKG<br><br>Response/Answer to Motion For Summary Judgment RE: Failure to Exhaust Administrative Remedies |

I, Jason N. Long, Plaintiff in the above entitled case was served a Motion For Summary Judgement in the above entitled case on January 13, 2026.

The Motion For Summary Judgement is a frivolous action by the defense, supported by false evidence, the defense knowingly prepared and submitted, in order to subvert their responsibility to provide discovery, delay and waste everyone's time. The court should not grant the defense's motion for summary judgement.

As a prisoner in IMSI, I do not have access to any of the case law or federal rules the defense cites in their Motion For Summary Judgement, or supporting article Memorandum, but the defense's arguement basically repeats: Jason N. Long has "no evidentiary support for the allegations" and even if the plaintiff did have evidence, it doesn't matter. It's okay to facilitate the sexual battery, attempted rape, torture, and participate in the maiming of Jason N. Long because he did not exhaust his administrative remedies through the IDOC Grievance and Informal Resolution Procedure for Offenders, Standard Operating Procedure 316.02.01.001. In fact they (the Defense) marries their entire arguement to this SOP. On a basic policy standard, their arguement is flawed, there are two other avenues for administrative remedies exhaustion: SOP 318.02.01.001, Disciplinary Procedures for Inmates, and SOP 149.01.01.001,

ANSWER - PG - 1

Prison Rape Elimination.

Though I did exhaust my administrative remedies by properly following the steps and meeting my grievance deadlines within 316 SOP, I also exhausted my administrative remedies within 318 and 149 SOPs.

The defense also argues, with case law I cannot review to contend meaning and spirit, that because they've presented this Motion, with their false evidence, that my sworn testimony of complaint is not enough. Because they bring this motion, somehow I have been rendered invalid, while at the same time they've ignored my discovery request served on 12/23/2025. So the defense holds most the evidence, ignores discovery, and demands I produce more evidence because they've submitted a motion to waste everyone's time. Well okay.

In support of this Answer/Response, I have included concern form Exhibits #1, #2, #3, #4, #9, #10; An eye witness Affidavit of Marcus Yupe, inmate #69683 Exhibit #5; A grievance transmittal form Exhibit #6; My personal journal entries Exhibit #7; A criminal complaint received by Ada County Courthouse Exhibit #8; and a DOR issued for the May 23, 2024 Event. Exhibit #11, Additionally, I will cite SOPs 318 and 149, but IDOC staff refuses to provide me a physical copy, but it is available for the viewing pleasure of the Court and Defendants on the IDOC web-site.

The defense's Motion for Summary Judgment was supported by a <u>Statement of Material Facts</u> which I contend:

<u>Concerning item #1</u> of the Statement of Material Facts, I agree I am indeed an Inmate of the IDOC at IMSI and I have been incarcerated for a long time.

ANSWER - PG - 2

Concerning item #2, I am unable to agree with a statement of defendant current employment status.

Concerning item #3, I disagree. All allegations against the defendants in my complaint occurred on a range of dates, beginning on May 10, 2024.

Concerning item #4, I agree, I was transferred, in violation of jurisdiction rules of SOP 318, to IMSI on May 24, 2024.

Concerning item #5, I agree I am familiar with escalation Standard Operating Procedures 316, 318, and 149. As far as the statement of filing a concern form for my property on May 24, 2024, I cannot verify this statement is true. Per SOP 316, the moment a concern is escalated, the concern form becomes part of the grievance, yet Exhibit A in Ms. Crockett's declaration only shows the grievance cover page.

Concerning item #6, I disagree entirely. Statement number six by the defense is completely false.

The defense introduces a <u>Memorandum In Support of Motion for Summary Judgment</u> which I contend in all it's parts, Introduction, Summary Judgment Standard, Argument, and Conclusion;

Concerning the Memorandum Introduction: If the defendants in question are those listed in my complaint, then again, I disagree with the date, but if only for Howard, Kolb, and Gamble, then I have no issue with the dates summarized in the introduction, but I disagree

ANSWER-PG-3

with the defendants' two blatant lies in the last paragraph: "There is no evidentiary support for the allegations." and "Regardless, 42 U.S.C. § 1997e(a) requires all inmates to exhaust their administrative remedies prior to filing a federal lawsuit. Plaintiff failed to do so, and this lawsuit must be dismissed accordingly."

As an inmate at IMSI, I am denied access to 42 U.S.C. § 1997e(a) so I'm unable to contend the application of letter and spirit, but there is evidence in the defense's possession, video and audio, that supports all my allegations, and I exhausted my administrative remedies, but IDOC staff destroyed evidence.

<u>Concerning the Memorandum Summary Judgment Standard:</u>

This is the defense's case law support, which again I cannot review is accurate in citing, letter, or spirit, that is the at the core of their strategy to withhold discovery evidence, process a frivolous motion to invalidate my testimony evidence in my Complaint, then force me to produce more evidence in hopes they will not have to provide all the evidence they say doesn't exist.

To remedy this, I will quote from grievances I filed on 6/8/2024 (Exhibit #7) and 6/18/2024 and I will quote from Marcus Yupe's Affidavit (Exhibit #5)

○ Grievance filed 6/8/2024: "On May 10th and 23rd, 2024, I was sexually assaulted and battered by Officer Mohammad and then physically beaten and sprayed by him and Officer Howard in the C black foyer at ISCC..." (Exhibit #7)

At the time, I wasn't aware of Kolb's crime of ommission, of allowing this to happen to me, but the grievance and its attached concerns described the assailing party, time, and place. A time and place where Erin Kolb was and had power to act.

○ Grievance filed 6/18/2024: "On 5/23/24 after I was viciously and unlawfully attacked with O.C. vitriol, the response team hyperextended my shoulders and elbows and refused to properly decontaminate me. The water was shut off in my A Block cell and I was forced to use feces contaminated toilet water..." (Exhibit #7)

This grievance covers the damage after Howard and Mohammad.

ANSWER- PG-4

o (Exhibit #5) "...I saw Officer Humayun Mohammad come up behind Jason and reach a hand between Jason's legs from behind, grabbing his privates and buttocks."

Again, this places Kolb and Mohammad in a place and time.

As concerning evidence and escalation to exhaust administrative remedies concerning Gamble, this is a process governed by the Prison Rape Elimination SOP 149. When his capacity as a PREA investigator led to an ongoing PREA investigation, and at the point it became a problem — that his actions were illegal and the investigation was not progressing — I filed a grievance outlining his behavior and the stagnation of the investigation on 9/20/24, rejected on 10/2/24 as a "not processed" category. (Exhibit #6)

Additionally, I raised concerns with the legality of the actions taken by Mohammad, Howard, and Kolb, and also the DHO Officer Slay who affirmed my DOR # ISCC-2024-0974 in violation of the "Audio and Video Recordings" subsection of section 9 of SOP 318.02.01.001. Upon exhausting my appeals, I maintained my innocence and what happened to me was illegal. The body of the DOR names Howard and Kolb as involved in the incident, and therefore are named in this administrative remedy exhaustion. Also, Gamble was the officer Slay contacted at ISCC to provide him video he said (Slay) he would review. Gamble denied Slay access to the video both attached as evidence to the DOR, and to the institutional video. Gamble himself cited reviewing in the DOR. These actions were documented as a history of behavior in my 9/20/24 grievance. (About Gamble in the 149 escalation/violations)

The point should be made that the defense is well aware of this administrative remedy exhaustion under SOP 318, yet they

ANSWER - PG-5

chose to misdirect the court by presenting SOP 316 as the only policy that satisfies that law they cited earlier: 42 U.S.C. § 1997e(a) which though I cannot review the law, I am certain I am correct because under SOP 316.02.01.001, Section 3 specifically states offenders cannot grieve "behavioral interventions" or disciplinary "actions", then it references SOP 318 for the proper administrative exhaustion tree. The defense and court can review this information on page 15 of 36 of the Defense's Motion's Declaration of Leilani Howard (Exhibit B).

<u>Concerning the Memorandum Argument:</u>

The Defense argument consists of only one: "1. Exhaustion is a Mandatory Pre-Requisite to Filing a Lawsuit."

That's it... no other points, and this one argument, aside from citing a bunch of case law, I again have no access to, the argument seems to rely mostly on the supportive Declaration of Leilani Howard, in the subsection of this argument labled "a. IDOC's Grievance Procedure"

1.) For the counter argument's sake, I'll requote Defense citing of the PLRA, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court"

By this definition, and by the definition of "exhaust" according to Merriam-Webster Dictionary and the Oxford Thesaurus I have in my prison cell; All that is required of an inmate is to try. Try the administrative remedy until you have no other options left. To complete the process, even if the response is similar to the response on my Exhibit #6. "You did not submit the grievance within 30 days of the incident." Grievance Coordinators, specifically Ms. Howard floods the grievance system with Delay Notification Slips (Exhibit #12), over and over again. Notice on Exhibit #6, that grievances are

ANSWER - PG - 6

denied and "not processed" (Def. Howard section 13). An inmate must wait for L. Howard to process, remind respondents etc... and close existing outstanding grievances before a new one beyond 3 can be processed. By the time this happens, the 4th grievance can easily exceed the 30 day time limit. L. Howard and IDOC staff consistently do this to inmates, and Howard has done this very thing to me.

So, according to the defense's translation — correction distortion — of what exhaustion and complete means, an inmate who has 3 active grievances cannot file a lawsuit for being raped by staff, because people like L. Howard are in control.

If an inmate has three active grievances, then by law that inmate — that human being — is not allowed to raise or have any "complaints about policies... conditions of confinement... employee actions..." etc.

Yeah no... that's not a thing. Such a thing would be a treasonous oath violation by all officers and officials of the State and United States Governments. I remember my oath in the USPS, I imagine it's similar to one IDOC staff swear.

On these grounds, I present Exhibit #6 as a worn out, weary, run into the ground, drained, depleted, empty, and exhausted avenue of administrative remedy brought to its full completion.

2.) For arguement's sake (counter argument), The Defense argument relys so heavily on L. Howard's interpretation of SOP. Policy 316, and even defers to her for the definition of exhaustion, instead of what the rest of the world who speaks the english language understand, that it is important to point out Ms. Leiluni Howard's sworn testimony has a serious problem when one compares my Exhibit #6 "not processed" grievance with her declarations number 13 and 16. She declares, "All grievances are logged into the IDOC database even

ANSWER- PG-7

if they are not processed..." in Declaration 13 and then goes on to testify in Declaration 16, "I have reviewed the database... Mr. Long submitted 1 Grievance at IMSI in 2024."

There may be several reasons what looks like perjury may be something else. For example, perhaps "ALL grievances are logged" but someone with ATLAS 'root' or high "admin" access deleted Exhibit #6. Or perhaps someone — the same someone who trashed my grievances on 6/8/24 and 6/18/24 — trashed Exhibit #6 grievance and attached concerns too? But forgot to trash the Transmittal Form... LOL

The fact of this discrepancy is: ALL Grievances are <u>not logged in the database</u> and there are really no excuses other than nefarious reasons for this.

As the court can see, and the defense can see, I am well versed in administrative remedy IDOC SOP, more so, it appears than Ms. L. Howard, it appears, unless of course the defense purposefully tried to misdirect the Court by omitting the existence of the 318 and 149 clauses. The point is to use the same point the defense outlined in their "Statement of Material Facts" point #1: Yes, I'm an experienced inmate, and I'm a "boss mother fucker" when it comes to IDOC policy and procedure, and I don't make mistakes. IDOC staff refused to log my properly escalated grievances on 6/8/2024, 6/18/2024, and 9/20/2024. Exhibit #6 shows a high probability that this assertion is true. (All I need is 30 minutes with "root" access in ATLAS and I can tell you who destroyed this evidence too.)

Additionally I offer into evidence exhibits #1, #2, #3, #4, #9 and #10 all concerns, surrounding the events of 5/23/24 in my multi-pronged mission to preserve video evidence, learn the identities

ANSWER - PG - 8

of everyone involved with my trauma and maiming. Though I did not use their names yet, the events placed them. The event describes the wrong even if I didn't know Kolb had been liable, and there were other concerns attached to the grievances I detail in Exhibit #7. All these concern from exhibits counter the defense claims that "Plaintiff failed to file <u>any</u> Concern..."

The defense tried, but I filed so many concerns and grievances, they couldn't destroy them all.

3.) For counter argument's sake: I exhausted the Disciplinary SOP 318, for DOR # ISCC-2024-0974. I make an illegal action claim and Kolb, Howard, Mohammad are all named in this claim that exhausted on appeals. I even cited this in item #47 of my original complaint, so defense counsel knew damn well that IDOC administrative remedy is not isolated to Grievance 316.

4.) For counter argument's sake Exhibit #6 is a grievance transmittal form evidencing a destroyed grievance and its attached concern forms that followed the escalation path for PREA victims and investigations. The history of Gamble's behavior including his threats (which are on an audio recording Per 149 SOP, "investigating procedures" held in the defense's possession) and eventual failure to investigate. I cite him, Teresa Jones, Lt. Howard, and "PREA Staff", and Deputy Warden Carver in dereliction of duty, but ultimately focus the grievance on the actions of Gamble and Carver. As evidenced by Exhibits #9 and #10, the PREA investigation was still open on 11/26/24, so this grievance was not past the 30 day limit", however with the rejection, I had exhausted my administrative remedies in this 149 retaliation grievance.

ANSWER- PG-9

6.) For Counter Argument's sake. I was able to borrow a law book, I.C. Titles 19-20 and I filed a criminal complaint (Exhibit #9) directly with the Magistrate. But even this attempt was rebuffed, I was told I had to pay money I didn't have to file a criminal complaint.

My diligence in seeking justice is unquestionable. The court should consider this as weight to the truth of my claims. I didn't just stop with exhausting my administrative remedies — which I did — but I went above and beyond. I surrendered my 5th amendment rights in this instance to come forward and gain the attention of the criminal courts. But as the defense and court can see, the "gatekeeper" clerk of the court violated my rights under I.C. 19-500 - 504, and refused to process my claim to the Magistrate.

The Defense Brings THIS MOTION FOR SUMMARY JUDGEMENT to the Court, misleading the Court with the ommission of. IDOC escalation policy, false, I dare say perjurous, declarations. that evidence doesn't exist, and false claims I did not exhaust my administrative remedies, though I have exhibited proof that I have, and finally they claim no evidence exists that any of my claims even happened, yet again I bring forth Marcus Yupe's eye witness Affidavit. The defense claims all this while withholding discovery evidence. My lawsuit Must not be dismissed. It must persist.

ANSWER - PG-10

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion for summary judgement and appoint the Plaintiff the best attorney in all the lands, or just a diligent, competent one with passion for the law and civil rights.

Thank You,

Respectfully submitted this 14th day of January, 2026

*Jason N. Long*
Jason N. Long

Oh- I want all the foregoing to serve as my affidavit testimony as well, so I swear under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated this 14th day of January, 2026

*Jason N. Long*
Jason N. Long

ANSWER - PG - 11

# Certificate of Service

I Hereby Certify that on this 14th day of January, 2026, I filed the foregoing with IDOC's ATC electronic filing system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the notice of electronic filing:

Moore Elia Kraft & Stacey, LLP
Craig D. Stacey (ISBN 7996)
Special Deputy Attorney General
P.O. Box 6756
Boise, ID 83707
craig@melawfirm.net

Served by:

~~Email~~   U.S. Mail

*/s/ Jason N. ____*

Certificate of Service: I Hereby Certify that on the 14th day of January, 2026, the IMSI ATC refused to E-file my (these documents) Answer, Refused to provide a new ATC form to file by mail, and returned them to me on a non-USPS business day 1/17/26. After Letlaw Howard sabotaged my attempt at E-file, I re-certify that on this day of January 17th 2026 I filed the foregoing with IDOC's ATC mailing system, snail-mailing the above party and the court.

*/s/ Jason N. ____*

ANSWER- PG- 12